IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CURTIS JONES, et al.,            )
                                 )
                Plaintiffs,      )
                                 )
     v.                          )    No.  03 C 6398
                                 )
CHICAGO POLICE OFFICERS ROBERT   )
REID (#17285), et al.,           )
                                 )
                Defendants.      )
```

MEMORANDUM

On April 7, 2008 this Court issued a minute order granting the motion of coplaintiff Curtis Jones ("Jones") to suggest, of record, the ten-days-earlier death of his mother, coplaintiff Clausen Drake-Thompson ("Drake-Thompson")--a motion that Jones had filed earlier and had scheduled for presentment on April 8. In part the April 7 minute order further stated:

> This Court will await action by either a duly appointed administrator or executor.

No such action has followed to this date. Hence on July 9 counsel for defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1)(emphasis added), this action as to all claims that had been advanced by Drake-Thompson:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. <u>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed</u>.

This Court entered and continued that motion to July 16 to enable

it to determine whether the relevant caselaw applied that "must be dismissed" mandate literally or, instead, conferred some discretion to keep the action alive in an appropriate case.

This memorandum is issued to apprise counsel, in advance of the July 16 date, that Rule 25(a)(1) does indeed appear to be enforced as it reads. But that result may be tempered by the extension-of-time provision set out in Rule 6(b)(1)(B), which permits the court to extend time "for good cause"--a potential that is limited by that Rule's requirement of a showing that "the party failed to act [within the specified 90-day period] because of excusable neglect." It is accordingly expected that any opposition to the motion to dismiss will have to focus on the above-quoted standards of Rule 6(b)(1).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2008