```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

CURTIS JONES, et al.,            )
                                 )
            Plaintiffs,           )
                                 )
    v.                            )    No.  03 C 6398
                                 )
CHICAGO POLICE OFFICERS ROBERT    )
REID (#17285), et al.,            )
                                 )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

This Court's September 2, 2009 minute order approving the parties' jointly submitted Final Pretrial Order ("FPTO") also established a timetable for their respective motions in limine that required resolution in anticipation of trial, some such motions having been identified in the FPTO and others to be filed thereafter. This memorandum opinion and order deals with defendants' motions in limine filed September 30, to which plaintiffs' counsel have responded.

To begin with, more than half of defendants' motions--Nos. 1-6, 10-12, 16 and 18-23--have been agreed to by plaintiffs' counsel. No further discussion is required as to those motions, which are granted without objection.

Motion 7 seeks to bar evidence as to an asserted lie by defendant Robert Reid ("Reid") that led to the recusal of Circuit Judge James Epstein in the underlying criminal case against plaintiff Curtis Jones ("Jones"). Item 5 in plaintiffs' Supplemental Motion in Limine deals with the same subject and

explains persuasively why the defense motion is ill-founded. Accordingly defendants' Motion 7 is denied and plaintiffs' Supplemental Motion 5 is granted.

Motion 8 seeks to bar photos of Jones' injuries as assertedly cumulative and, more importantly, as said to be unfairly prejudicial under Fed. R. Evid. ("Evid. Rule") 403. But defense counsel does not ask to bar all photographs, and the assertedly offending ones have not been specified. Relatedly plaintiffs' Item 4 in their Supplemental Motion also agrees that not all the photos need to be introduced, once again without providing the specifics. Such photos are clearly relevant to the issue of Jones' damages, so as to be generally admissible. Accordingly the parties are ordered promptly:

   1. to agree as to which of the photos will be admitted without objection; and

   2. to tender to this Court for resolution their respective designations of photographs on which they have not reached common cause.

This Court should be able to resolve the issue following those early submissions.

Motion 9 calls on Evid. Rule 404(b) as the basis for keeping out the trial evidence of Reid's earlier misconduct. But Item 5 in plaintiffs' Supplemental Motion in Limine shows that such evidence is not propensity--"bad man"--evidence forbidden by that

rule, but rather fits well within the illustrative exceptions set out within the rule itself. Hence Motion 9 is denied, and at trial evidence of Reid's highly similar misconduct that has just been confirmed in another 42 U.S.C. §1983 ("Section 1983") case in which he is a defendant--<u>Fegan v. Reid</u>, 06 C 6767[1]--will be permitted. As to other asserted misconduct ascribable to Reid in other Section 1983 actions in which he has been a defendant, plaintiffs' submission is insufficiently descriptive to allow a ruling at this time. This Court will treat with such other proposed evidence when further input is provided by the parties.

Motions 13 and 14 target some opinion evidence by Drs. Gordon Derman and John Fournier as outside the scope of the Fed. R. Civ. P. ("Civ. Rule") 26(a)(2)(B) written reports by those doctors. Plaintiffs' response, however, correctly points to the testimony of those doctors given in response to interrogation by defense counsel themselves in the course of deposing the doctors, thus essentially expanding the universe occupied by the written reports.

This Court confesses to having coauthored the amended

---

[1] After this opinion had been dictated and was in the revision stage looking to its issuance, plaintiffs' counsel filed a Second Supplemental Motion in Limine that reported an October 23 jury verdict of over $1.5 million in the <u>Fegan</u> case against Reid and other officers, with Reid having been charged with excessive force virtually identical to that claimed by Jones here. That evidence goes to such matters as Reid's intent and the absence of mistake or accident--express exceptions to the mere propensity evidence barred by Evid. Rule 404(b).

3

version of Evid. Rule 702 and the accompanying Committee Note at the time that it chaired the subcommittee of the Judicial Conference's Advisory Committee on the Rules of Evidence during its tenure on that Committee, shortly before it was honored by being appointed by then Chief Justice Rehnquist to chair the Committee. Greg Joseph, formerly Chairman of the ABA Section on Litigation and currently the President-Elect of the American College of Trial Lawyers, was then a fellow member of the Advisory Committee. Attorney Joseph is an extraordinarily able and perceptive trial lawyer, and this Court regularly calls to the attention of counsel in cases before it his article entitled "Expert Approaches" in 28 No. 4 <u>Litigation</u> 20, 21 (2002), warning of precisely the risk that defense counsel took in questioning the two doctors here--a risk created when an opinion witness is deposed rather than allowing his or her report to circumscribe the permitted boundaries of his or her testimony at trial. Here defense counsel opened up for trial purposes the testimony now sought to be barred, and Motions 13 and 14 are denied.

Motions 15 and 24 seek to bar evidence of asserted misconduct by any nondefendant police officers. Plaintiffs' counsel had initially not objected to those motions, but his most recent response explains his reversal of position on that score. Those officers have not been targeted as defendants because of plaintiffs' inability to identify them by name, but evidence of

4

their claimed misconduct that can be tied to Reid--for example, kicking Jones while he lay on the ground unconscious after assertedly being beaten by Reid--plainly calls for admissibility of testimony in that respect. That calls for the denial of Motion 15. Motion 24, which refers to asserted misconduct by now-deceased officer Papagiannis, has not been described sufficiently by the parties to permit ruling at this time. That motion will await further input from the litigants.

Motion 17 seeks to bar certain testimony by plaintiffs' <u>treating</u> physicians. On that score defendants point to <u>Musser v. Gentiva Health Servs.</u>, 356 F.3d 751, 756-58 (7th Cir. 2004), which focuses on Civ. Rule 26(a)(2)(A) as now amended to require disclosure of the identity of an opinion witness even though that witness does not come within the scope of Civ. Rule 26(a)(2)(B) so as to call for a written report. Defendants are right, and this Court will apply the teaching of <u>Musser</u> to the extent that plaintiffs did not comply with Civ. Rule 26(a)(2)(A).

Finally, Motion 25 seeks to bar evidence regarding criminal or internal investigations of the City of Chicago's Department of Buildings, including the guilty plea by Kurt Berger ("Berger"). Berger had been but is no longer a codefendant in this case, but he remains a prospective occurrence witness. Plaintiffs' counsel poses no objections to the motion, except that if Berger is indeed called to testify (even by plaintiffs) Evid. Rule

5

609(a)(2) will permit inquiry as to his conviction for having accepted a bribe. That position is correct, and it will be an exception to the granting of Motion 25.

## Conclusion

As stated at the outset, defendants' Motions 1-6, 10-12, 16 and 18-23 are granted without objection. Motion 17 is granted to the extent described earlier, and Motion 25 is granted subject to a limited exception. Motions 7, 9, 13, 14 and 15 are denied. Motion 8 requires further input as to the extent of its denial, while Motion 24 requires further input before it can be decided.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 28, 2009